SUMMARY ORDER
Fermín Diaz^-Tejada pled guilty to four counts related to the importing of significant amounts of heroin into the United States. Diaz-Tejada appeals from a judgment sentencing him to 168 months’ imprisonment, five years’ supervised release, a $20,000 fine, and a $400 special assessment. We assume the parties’ and counsel’s familiarity with the facts and procedural history of this case, and the issues presented on this appeal.
Diaz-Tejada argues that his sentence was procedurally unreasonable because the district court failed to take into account his attempt to cooperate with the government in assessing the sentencing factors under 18 U.S.C. § 3553(a).
We review a district court’s sentence under a “‘deferential abuse-of-discretion standard.’ ” United States v. Gavera, 550 F.3d 180,189 (2d Cir.2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007)). District courts have discretion to select an appropriate sentence, which requires consideration of the factors listed in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines range. Id. at 187-88. The district court should conduct “its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense,” in order to reach “an informed and individualized judgment ... as to what is ‘sufficient, but not greater than necessary’ to fulfill the purposes of sentencing.” Id. at 189(quoting 18 U.S.C. § 3553(a)).
In explaining its sentence, the district court “must satisfy us that it has ‘considered the parties’ arguments’ and that it has a ‘reasoned basis for exercising [its] *496 own legal decisionmaking authority.’ ” Id. at 193 (quoting Rita v. United States, 551 U.S. 388,127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007)). But, we do not require “robotic incantations” as to every § 3553(a) factor. Id. (citation omitted).
“[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors ... and we will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced.” United States v. Fernandez, 443 F.3d 19, 30 (2d Cir.2006).
In the instant ease, the presumption has not been overcome. Diaz-Tejada is correct that attempted cooperation is a factor to be considered under § 3553(a). See id. at 33. The district judge specifically noted that she had read the relevant submissions by the defendant, which included the argument that Diaz-Tejada’s attempted cooperation could be and should be considered in sentencing, and that she had considered Diaz-Tejada’s arguments made at the sentencing hearing, which included an argument that attempted cooperation could and should be considered in the sentencing proceedings. The court also noted that it considered the “nature and circumstances of the offenses ... as well as the characteristics of Mr. Diaz-Tejada,” which is the factor under which the attempted cooperation would be considered. See 18 U.S.C. § 3553(a)(1) (“the nature and circumstances of the offense and the history and characteristics of the defendant”). For these reasons, we reject the argument that the sentence was procedurally unreasonable because the district court failed to consider the defendant-appellant’s attempt to cooperate.
The sentence was not otherwise procedurally unreasonable. The district court appropriately began by calculating the imprisonment range under the Guidelines, noted that the Guidelines were advisory, considered the § 3553(a) factors, made her own judgment as to the appropriate sentence, and chose to give Diaz-Tejada the bottom of the Guidelines range — perhaps, in part, in consideration of Diaz-Tejada’s attempted cooperation. The district judge acknowledged the government’s and defense’s submissions and gave a sufficiently detailed explanation of the sentence. We, therefore, conclude that the sentence was procedurally reasonable.
For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.